UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-3860-MJ-AUGUSTIN-BIRCH

UNITED STATES OF AMERICA

v.

ROMMEL DAVID HERNANDEZ-RAMIREZ,

    Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek M. Maynard)?

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?

3. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?

4. Did this matter involve the participation of or consultation now Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?

    Respectfully submitted,

    MARKENZY LAPOINTE
    UNITED STATES ATTORNEY

By: *Kevin D. Gerarde*
    Kevin D. Gerarde
    Assistant United States Attorney
    Florida Bar No. 113844
    11200 NW 20th Street, Suite 101
    Miami, Florida 33172
    Tel: 305-715-7648
    Email: Kevin.Gerarde@usdoj.gov

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Rommel David Hernandez Ramirez,<br><br>*Defendant.* | Case No.  24-3860-MJ-AGUSTIN-BIRCH |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of   June 5 and 11, 2024, and July 3, 2024,   in the county of   Miami-Dade   in the
  Southern   District of   Florida  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 922(o)(1) | Possession or Transfer of a Machinegun |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Adrian Halley, Special Agent ATF
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by  Face Time

Date:  9-4-2024

_____
*Judge's signature*

City and state:      Miami, Florida          Hon. Panayotta Augustin-Birch, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Adrian Halley, being first duly sworn, hereby depose and state as follows:

## AGENT INTRODUCTION AND BACKGROUND

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been so since February 2008. I have received training and participated in investigations related to firearms, narcotics, violent crime, and violations of the National Firearms Act ("NFA"). I am currently assigned to the ATF High Intensity Drug Trafficking Area Task Force ("HIDTA"). Specifically, I have personally been involved in numerous investigations concerning the unlawful possession, manufacturing, transferring of machineguns, in violation of Title 18, United States Code, Section 922(o).

2. I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7). I have attended multiple courses on conducting criminal investigations and have authored multiple electronic search warrants and complaints during my time with the ATF. During my law enforcement career, I have participated in multiple investigations involving violations of federal firearms laws, including possession, transfer, and/or manufacturing of machineguns, in violation of Title 18, United States Code, Section 922(o).

3. This Affidavit is submitted in support of a criminal complaint charging **ROMMEL DAVID HERNANDEZ RAMIREZ** with the unlawful possession, transfer, and/or manufacturing of a machinegun, in violation of Title 18, United States Code, Section 922(o).

4. This Affidavit is based on my personal investigation and investigation by others, including federal and local law enforcement officials whom I know to be reliable and trustworthy. The facts and information contained in this Affidavit are based on my personal knowledge and

observation, as well as information received in my official capacity from other individuals, including other law enforcement officers involved in this investigation, as well as my review of records, documents, and other physical items obtained during the course of this investigation. This Affidavit does not include every fact known to me about this investigation, but rather only those facts sufficient to establish probable cause.

## FACTUAL BACKGROUND

5. Law enforcement, including the ATF, is conducting an investigation into the manufacturing, transferring and possession of machineguns and violations of federal firearms laws. As part of the investigation, law enforcement is working with a confidential informant ("CI"), who has introduced an ATF undercover ("UC") Special Agent to HERNANDEZ RAMIREZ, and conducted controlled purchases of machineguns, in this case known as machinegun conversion devices ("MCDs"). An MCD is also known as a "switch" and transforms a semiautomatic firearm into a fully automatic machinegun. As discussed more fully herein, the evidence gathered from those controlled purchases led to the identification of HERNANDEZ RAMIREZ as an unlawful possessor and seller of machineguns.

6. On or about June 3, 2024, the CI was introduced through a mutual contact to an individual who was later identified by law enforcement as Rommel HERNANDEZ RAMIREZ. HERNANDEZ RAMIREZ told the CI that he had "switches" for sale and could get one hundred of them. During this encounter, the CI observed that HERNANDEZ RAMIREZ had two switches on him, as well as a red firearm. HERNANDEZ RAMIREZ also informed the CI that he obtained the switches from a source in West Palm Beach and showed the CI a video on his phone of how the switch caused the gun to fire automatically.

7.      Between June 5, 2024, and July 22, 2024, on three separate occasions HERNANDEZ RAMIREZ sold the UC a total of twenty-two (22) MCDs and one (1) privately made firearm ("PMF"), also known as a "ghost gun."  Each transaction with the UC was audio and video recorded.  One transaction was conducted near HERNANDEZ RAMIREZ's residence in Miami, Florida.  The two other transactions were conducted at an Undercover Fixed Location (UCFL), also located in Miami, Florida.

8.      The first transaction occurred on June 5, 2024, in Miami, Florida, during which time law enforcement purchased two (2) MCDs and one (1) PMF from HERNANDEZ RAMIREZ for $1,550 in U.S. currency.  The transaction took place in a vehicle located roadside in the vicinity of 2302 NW 30th St Miami, Florida.  During the transaction, the CI introduced HERNANDEZ RAMIREZ to the UC, who completed the purchase with HERNANDEZ RAMIREZ.  During the transaction, recording equipment captured HERNANDEZ RAMIREZ discussing his ability to obtain other MCDs for sale.

9.      The second transaction occurred on June 11, 2024, in Miami, Florida, during which time law enforcement purchased ten (10) MCDs from HERNANDEZ RAMIREZ for $4,000 U.S. currency.  During the transaction, recording equipment captured HERNANDEZ RAMIREZ discussing his ability to obtain an MCD for a rifle, or "drop-in sear."  Of the ten (10) MCDs HERNANDEZ RAMIREZ sold to the UC, three (3) were colored green, two (2) were blue and five (5) were black.  The UC asked if the colors corresponded to components that needed to be grouped together and HERNANDEZ RAMIREZ told the UC that it did not matter.

10. The third transaction occurred on July 3, 2024, in Miami, Florida, during which time law enforcement purchased ten (10) MCDs from HERNANDEZ RAMIREZ for $4,000 U.S. currency. Of the ten (10) MCDs, four (4) were designed for Glock handguns and six (6) were designed for AR-15 rifles. During the transaction, recording equipment captured HERNANDEZ RAMIREZ explaining to the UC that there were two types of drop-in auto sears. He explained one was for an AR-style pistol and the other was for an AR-style rifle. HERNANDEZ RAMIREZ told the UC that his supplier was receiving a shipment of approximately 300 MCDs within the next three weeks. The UC asked HERNANDEZ RAMIREZ if the drop-in sears HERNANDEZ RAMIREZ sold on this date worked like the other ones, asking "same thing with these, put it in, pull it once, it drops everything?" HERNANDEZ RAMIREZ responded affirmatively. The UC told HERNANDEZ RAMIREZ that he wanted to know as soon as the shipment arrived, and HERNANDEZ RAMIREZ told the UC that he would inform the CI.

11. After these three controlled purchases of MCDs, ATF's Firearms and Ammunition Technology Division, conducted a technical examination and classification of the previously purchased twenty-two (22) MCDs. ATF determined that sixteen (16) of the MCDs were intended for use in converting a semiautomatic Glock-type pistol to fire automatically and concluded that these MCDs were a combination of parts designed and intended, for use in converting a weapon into a machinegun, as defined in Title 26 U.S.C. § 5845(b). ATF determined that six (6) of the MCDs were intended for use in converting AR-style firearms to fire automatically and that these MCDs were parts designed and intended solely and exclusively, for use in converting a weapon into a machinegun, as defined in Title 26 U.S.C. § 5845(b).

**CONCLUSION**

12.    Based on the foregoing, I respectfully submit that there is probable cause to support a criminal complaint charging **ROMMEL DAVID HERNANDEZ RAMIREZ** with: the unlawful possession, transfer, and/or manufacturing of a machinegun, in violation of Title 18, United States Code, Sections 922(o).

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
ADRIAN HALLEY
SPECIAL AGENT
BUREAU OF ALCOHOL,
TOBACCO, FIREARMS AND EXPLOSIVES

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by Face Time this __4th__ day of September 2024.

_____
HONORABLE PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA

5